**O**

# United States District Court
# Central District of California

SOLIDUS I, LLC,

               Plaintiff,

    v.

GASPARD AND MENON
CONSTRUCTION, LLC. et al.,

               Defendants.

Case № 2:25-cv-02764-ODW (PVCx)

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [26]**

## I.    INTRODUCTION

Plaintiff Solidus I, LLC brings this breach of contract action against Defendant Gaspard and Menon Construction, LLC ("G&M"). (Compl., Dkt. No. 1.). G&M failed to appear and defend, and now, Solidus moves for entry of default judgment. (Mot. Default J. ("Motion" or "Mot."), Dkt. No. 26.)  For the reasons discussed below, the Court **DENIES** Solidus's Motion and **VACATES** the entry of G&M's default.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

On March 18, 2024, G&M agreed to purchase $931,434.72 in construction materials from Solidus. (Compl. Ex. 1 ("Agreement") 19, Dkt. No. 1-1.)[2] Instead of paying up front, G&M agreed to a payment schedule, memorialized in a series of agreements and addendums (the "Agreement"). (*See generally id.*) The payment schedule obligated G&M to pay back the cost of the construction materials, plus interest, on "the earlier of 90 days after the Purchase Date or two business days after payment by the Project to Buyer." (*Id.* at 19.) It is unclear from the record whether Solidus delivered the construction materials, but Solidus alleges that it "performed all of its obligations under the Agreement." (Compl. ¶ 14.)

Solidus also agreed to advance certain fees to G&M. (Agreement 19.) In the Agreement, G&M agreed to repay the fees, plus interest, along the same timeline as its payment schedule for the purchase of the construction materials. (*Id.*) It is unclear what purpose the fee advance served, other than that it was "necessary to complete [G&M's] subcontract" with a third-party. (Compl. ¶ 6.)

On June 16, 2024—ninety days after the March 18 purchase date—G&M's payments became fully due and payable under the Agreement. (*Id.* ¶ 8; Agreement 19.) On December 5, 2024, Solidus demanded G&M pay "the fees accrued" in the amount of $58,747.82. (Compl. ¶ 9.) It is unclear how Solidus arrived at that figure and what that figure represents. Despite this demand, G&M did not make the required payments. (*Id.* ¶ 10.)

On March 28, 2025, Solidus brought this breach of contract action against G&M. (*Id*. ¶ 13–17.) On January 5, 2026, Solidus served G&M with the Complaint. (Proof Service, Dkt. No. 23.) G&M failed to appear or defend the case. On January 15, 2026, upon Solidus's request, the Clerk entered G&M's default. (Default, Dkt. No. 25.)

On January 16, 2025, Solidus filed this Motion against G&M. (Mot.) Solidus requests $984,448.26 in actual damages, $54,677.80 in attorney's fees, and $678.37 in

---

[2] When citing to the Agreement, the Court cites to its CM/ECF pagination.

costs, totaling $1,039,804.43 in relief.  (*Id.* at 7.)   Solidus also requests $269.71 in pre-judgment interest for each day elapsing between June 16, 2024, and the entry date of final judgment, pursuant to California Civil Code sections 3287 and 3289.  (*Id.*)  Finally, Solidus requests post-judgment interest pursuant to 28 U.S.C. § 1961.  (*Id.*)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a).  However, before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements in Rules 54(c) and 55, and Central District Civil Local Rules ("Local Rule") 55-1 and 55-2.  Even if these procedural requirements are satisfied, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc.*, *v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)).  Instead, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (collecting cases).

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true," except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  The court need not make detailed findings of fact when entering default judgment, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

### IV.   DISCUSSION

Solidus moves for entry of default judgment against G&M and to recover damages, fees, and costs totaling $1,039,804.43, plus pre- and post-judgment interest. (Mot. 7.)  However, Solidus fails to establish that default judgment is substantively proper under the *Eitel* factors.

3

In considering whether entry of default judgment is warranted, courts consider the "*Eitel* factors": "(1) the possibility of prejudice to the plaintiff"; "(2) the merits of plaintiff's substantive claim"; "(3) the sufficiency of the complaint"; "(4) the sum of money at stake"; (5) the possibility of a material factual dispute; "(6) whether the default was due to excusable neglect"; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Viet. Reform Party v. Viet Tan-Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted). Thus, the Court considers these factors first.

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (alteration in original). Although well-pleaded allegations are taken as true, "claims which are legally insufficient[] are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Solidus asserts one claim for breach of contract against G&M based on its failure to pay under the Agreement. (Compl. ¶ 14–17.) To plausibly allege breach of contract under California law, the plaintiff must assert: (1) a contract; (2) the plaintiff's performance (or excuse for non-performance); (3) defendant's breach; and (4) plaintiff's incurred damages.[3] *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 1371, 1388 (1990).

Solidus sufficiently alleges that the parties entered into a valid contract, the Agreement. (Compl. ¶ 5.) However, Solidus paints the substance of the Agreement differently in the Motion than it originally did in its Complaint. In the Complaint, Solidus alleges that it "extended a credit to cover the costs of certain construction materials to" G&M. (Compl. ¶ 5.) It also alleges that it "advanced the total sum of $984,448.26 . . . comprised of $931,434.72 to cover the costs of certain construction

---

[3] The Court applies California law as the Agreement provides that "the substantive laws of the State of California shall apply" to "all matters arising out of [the Agreement]." (Agreement 3.)

4

materials and $50,297.47 to fund prepayment of [a] fee advance."[4]  (*Id.* ¶ 6.)  Read plainly, these allegations suggest that Solidus extended a $984,448.26 loan to G&M, and that G&M has since defaulted on that loan.  However, reference to the incorporated Agreement reveals that the contract primarily provides for the sale of construction materials, not the extension of a loan. (Agreement 1, 19.)  Specifically, the Agreement provides that G&M would pay to Solidus $931,434.72, plus interest, for the purchase of specified construction materials.  (*See* Agreement 19.)  It does not provide that Solidus would *advance* $931,434.72 to G&M for it to purchase construction materials.  Thus, the Court finds that the Agreement is one for the sale of goods, rather than one for the provision of a loan, as Solidus misleadingly suggests in its Complaint.[5]

Having established that the Agreement provides for the sale of construction materials, Solidus fails to establish the second and fourth elements of a breach of contract: plaintiff's performance and damages.

First, Solidus fails to plausibly allege the second element because it provides no facts regarding its own performance.  "A bedrock principle of California contract law is that he who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed."  *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (citation modified).  Here, the Agreement obligated Solidus to deliver $931,434.72 worth of construction material to G&M in exchange for payment.  (Agreement 19.)  However, Solidus's Complaint contains no allegations regarding whether it delivered some or all or none of that construction material.  Instead, Solidus relies only on its bare allegation that it

---

[4] The Court also notes that $931,434.72 and $50,297.47 do not add up to $984,448.26.

[5] Indeed, in its Motion, Solidus refers to the total sum at issue not as an "Advance," as it did in its Complaint, but rather as the "Payments." (*Compare* Compl. ¶ 6 (describing the $984,448.26 figure as an "Advance"), *with* Mot. 3 (citing Compl. ¶ 6 and describing the $984,448.26 figure as the "Payments," comprised of the Purchase Price and the Fee Advance).)  These are materially different descriptions.  The former suggests that Solidus advanced a $984,448.26 sum to G&M.  The latter suggests only that G&M owed Solidus $984,448.26.  The Court reminds counsel of their duty of candor, which includes their obligation not to misrepresent facts and evidence to the Court.

"performed all of its obligations under the Agreement." (Compl. ¶ 14.)  This conclusory allegation, lacking any factual support, cannot support judgment.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support [default] judgment.").

Second, Solidus's failure to prove its own performance compromises its ability to prove its damages.  Allegations related to damages are not deemed true merely upon default.  *TeleVideo*, 826 F.2d at 917–18.  Thus, a party seeking default judgment must prove all damages sought in the complaint.  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  Here, Solidus is unable to prove its damages in the Motion because it has not alleged that it has performed under the Agreement.  Specifically, Solidus fails to state whether it delivered some or all of the construction materials at issue to G&M or, if it did not, whether Solidus ever attempted to resell the construction materials originally destined for G&M.  Without these or similar facts, the Court cannot accurately ascertain Solidus's damages.  *See SF Med. Trading, LLC v. Majormedia Inc.*, No. 2:20-cv-11475-JAK (ASx), 2022 WL 2232233, at *6 (C.D. Cal. Apr. 29, 2022) (citing California Commercial Code section 2709 and denying, in part, a motion for default judgment because plaintiff failed to sufficiently plead damages, including whether it was "unable to mitigate its harm by selling the [goods] to another party or parties").

For these reasons, Solidus fails to sufficiently plead a meritorious claim for breach of contract.  As such, the second and third *Eitel* factors weigh against entry of default judgment.  Further, Solidus's failure to state a claim for relief dooms its Motion. *Atl. Specialty Ins. Co. v. Top Sealand Int'l Co.*, No. 2:22-cv-04468-MCS (GJSx), 2022 WL 19770292, at *2 (C.D. Cal. Dec. 9, 2022) ("Because Plaintiff does not meet the threshold requirement of an adequately pleaded complaint, it is not entitled to default judgment.").  Accordingly, the Court declines to address the remaining *Eitel* factors and **DENIES** Solidus's Motion.  *See GS Holistic, LLC v. Ravens Smoke Shop,*

*Inc.*, No. 2:22-cv-07199-MWF (Ex), 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("Because the decision to grant default judgment is at the sole discretion of the Court, the Court may render judgment based on an assessment of the second and third *Eitel* factors alone."). However, as these deficiencies may be cured, the Court grants Solidus leave to amend its pleading. *See id.* at *6 (granting leave to amend pleadings after denying motion for default judgment).

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Solidus's Motion for Default Judgment. (Dkt. No. 26.) In light of Solidus's failure to state a well-pleaded claim against G&M, the Court *sua sponte* **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. As the Complaint is no longer operative, the Court directs the Clerk to **SET ASIDE** the default entered against G&M as to the Complaint. (Dkt. No. 25.)

If Solidus elects to amend its pleading, it must do so no later than twenty-one (21) days after the date of this Order. Solidus must serve the amended complaint on G&M within twenty-one (21) days of filing it with the Court and file a proof of service with the Court immediately thereafter. If Solidus fails to timely amend, this dismissal will be deemed a dismissal with prejudice as of the lapse of the deadline to amend.

**IT IS SO ORDERED.**

June 5, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

7